ing that part of defendants' motion for summary judgment dismissing the cause of action for tortious interference with contract. Although defendants met their initial burden, plaintiff raised triable issues of fact whether defendants acted in bad faith and committed "independent torts or predatory acts directed at" plaintiff for their own pecuniary gain (*BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947, 948 [1994]; *cf. First Am. Commercial Bancorp, Inc. v Saatchi & Saatchi Rowland, Inc.*, 55 AD3d 1264, 1266-1267 [2008], *lv denied in part and dismissed in part* 12 NY3d 829 [2009]). We therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.

In the Matter of MITCHELL KALWASINSKI, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. (Appeal No. 3.) [890 NYS2d 847]— Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.

In the Matter of RICHARD KLIM, Petitioner, v NEW YORK STATE EXECUTIVE DEPARTMENT DIVISION OF PAROLE, Attention: Executive Director, Respondent. [890 NYS2d 888]— Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.

In the Matter of JASON BERMUDEZ, Petitioner, v JAMES L. BERBARY, Superintendent, Collins Correctional Facility, Respondent. [890 NYS2d 888]—